132 F.3d 38
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman Cardoza DE LEON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent. Respondent.
 No. 97-70581, Ame-qhm-tzr.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Dec. 18, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Norman Cardoza de Leon, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under §§ 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.[1]
 
 
 3
 We review a factual determination of eligibility for asylum under the substantial evidence standard. See Prasad v. INS, 47 F.3d 336, 338-39 (9th Cir.1995). We must uphold the BIA's denial of asylum unless Cardoza de Leon demonstrates that the evidence he presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. See id. at 338.
 
 
 4
 Cardoza de Leon contends that the BIA erred in finding that he did not establish eligibility for asylum. This contention lacks merit.
 
 
 5
 To be eligible for asylum, Cardoza de Leon must establish that he had a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion. See id.
 
 
 6
 Cardoza de Leon testified that he feared persecution by both the military and the civil patrol. Although reprisals against former members of the military may provide a basis for asylum, Cardoza de Leon did not provide any evidence that he was likely to be singled out by the military. See Chanco v. INS, 82 F.3d 298, 303 (9th Cir.1996). He also failed to show that the civil patrol had attempted to recruit him on account of either his former membership in the military or political opinion, actual or imputed. See Elias-Zacarias, 502 U.S. 478, 482-483 (1991) (forced recruitment by guerrillas by itself not on account of political opinion). Accordingly, the BIA's determination that Cardoza de Leon was not eligible for asylum on account of one of the enumerated grounds was supported by substantial evidence.
 
 
 7
 Because Cardoza de Leon did not meet the lower standard for asylum, he could not meet the higher standard for withholding of deportation. See Chanco, 82 F.3d at 303.
 
 
 8
 PETITION DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1105a was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. Because petitioner was in deportation proceedings before April 1, 1997, however, § 309(c) of IIRIRA provides that this court continues to have jurisdiction under § 1105a